MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/25/2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH GUGLIELMO, on behalf of himself and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALPHA INDUSTRIES OF VIRGINIA, INC.,<br><br>Defendant. | Civil Action No. 1:20-cv-05917-VEC<br><br><br>**CONSENT MOTION AND INCORPORATED MEMORANDUM FOR ENTRY OF STIPULATED CONSENT DECREE** |

Defendant Alpha Industries of Virginia, Inc. ("Alpha") hereby submits the instant Consent Motion for Entry of Stipulated Consent Decree ("Consent Decree"). For the reasons set forth herein, Alpha respectfully requests that the Court, in the exercise of its inherent power, enter the Consent Decree *nunc pro tunc* to the Court's November 13, 2020 Order dismissing this case (DE 9). Plaintiff consents to the relief requested in this motion. Pursuant to that Order, the Parties also request that the Court retain enforcement jurisdiction in connection with the Consent Decree[1], and will provide the separately executed Settlement Agreement, the conditions for which have now been satisfied, for *in camera* inspection by the Court.

Relevant Procedural Background

1. In late September, 2020 the Parties hereto agreed in principle to the general settlement terms and ultimate dismissal of this matter.

---

[1] The Parties respectfully submit that the conditions pursuant to the settlement agreement have been satisfied, and the Parties seek the Court's continuing enforcement jurisdiction only over the Consent Decree.

2. On November 13, 2020, and as a result of the settlement of this matter, Plaintiff's counsel filed a Notice of Settlement (DE 8).

3. The Notice of Settlement provided in part that this matter would be dismissed upon the completion of certain conditions. These conditions comprised generally payment by Defendant to Plaintiff and the execution by the Parties of a Consent Decree in connection with which Alpha will implement changes to Alpha's web site in order to achieve substantial compliance with WCAG 2.0, a standard that guides website development to enable improved accessibility by visually impaired persons.

4. The Consent Decree further provides that its effective date commences at the date the Consent Decree is entered as an Order by the Court.

5. The Parties anticipated that the 60 day period referred to in the Notice of Settlement would provide sufficient time for the contemplated Consent Decree to be agreed to and finalized.

6. After various drafts with relatively minor changes were exchanged between the Parties, the Parties agreed to a final version of the Consent Decree, which was executed by Alpha and transmitted to Plaintiff's counsel during the last week of October, 2020. (Exhibit "A" hereto).

7. Owing to inadvertent communication mishaps between the Parties, the fully executed Consent Decree was only received by the undersigned on November 24, 2020. Plaintiff's counsel requested, and the undersigned agreed, to file the instant motion with the Court.

8. Plaintiff and Defendant have at all times acted in good faith in seeking to resolve this matter in good faith, and anticipated filing the instant motion within 60 days of the filing of the Notice of Settlement.

9. The delay in submitting the instant motion to the Court is likewise made in good faith, and is not intended to burden the Court's resources.

10. Defendant Alpha submits that the failure to enter the Consent Decree would defeat the intent of the Settlement Agreement and result in substantial prejudice to Alpha.

11. Plaintiff consents to the filing of this motion and to the entry of the executed Consent Decree.

12. The Parties also request that the Court retain enforcement jurisdiction in connection with the Consent Decree (24 months from the Effective Date).

WHEREFORE: Defendant Alpha Industries of Virginia, Inc. respectfully requests that the Court in the exercise of its inherent power, grant the instant motion and enter the Consent Decree *nunc pro tunc* to November 13, 2020, and retain enforcement jurisdiction throughout the Consent Decree term.

DATED:   November 24, 2020

Respectfully submitted,

**MANDELBAUM SALSBURG, P.C.**
Attorneys for Plaintiff

By:   /s/ *Steven W. Teppler*
Steven W. Teppler, Esq.
1270 6th Avenue Suite 1808
New York, NY 10020
Tel. 646.946.5659
Fax. 973-736-4670
Email: steppler@lawfirm.ms

---

Application DENIED.  The Court will not retain jurisdiction to enforce the consent decree unless the parties file the entire settlement agreement publicly or provide an explanation, consistent with *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), why the settlement agreement should not be filed publicly.

SO ORDERED.

*[Signature: Valerie Caproni]*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE            11/25/2020